```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
RITA MARTIN,                                                :    **MEMORANDUM**
                                                            :    **DECISION AND ORDER**
                                Plaintiff,                  :
                                                            :    12 Civ. 4511 (BMC)
                - against -                                 :
                                                            :
COMMISSIONER OF SOCIAL SECURITY,                            :
                                                            :
                                Defendant.                  :
----------------------------------------------------------- X
```

C/M

**COGAN**, District Judge.

Plaintiff *pro se* challenges the decision of the Commissioner[1] regarding her entitlement to social security disability benefits.  Her attorney appears to have agreed at the hearing before an Administrative Law Judge, after consulting with plaintiff, and contrary to her original application for benefits, to a closed period of benefits ending December 18, 2009, and the ALJ awarded benefits for that period.  However, he went beyond that; he ruled that based on the medical evidence submitted, plaintiff had recovered sufficiently so that she was not disabled after December 18, 2009.  The Commissioner has moved to dismiss on the ground that based on plaintiff's attorney's stipulation at the hearing, she received a "fully favorable" decision and thus subject matter jurisdiction is lacking.  The Commissioner is mistaken, and the motion is denied.

---

[1] The Court understands that Carolyn W. Colvin is currently Acting Commissioner and is using the term Commissioner as a shorthand reference.

# BACKGROUND

Plaintiff originally filed an application for disability benefits with an alleged onset date of May 1, 2006. The Field Office Disability Report, next to the question of whether the case is a "Closed Period Case," answered that question, "No," which I interpret as meaning that if plaintiff was found to be disabled, she would have an ongoing right to benefits, subject to such improvement in her condition as to render her non-disabled at some presently unknown time in the future. Her application was denied by a claims analyst, denied again by an Administrative Law Judge after a hearing, and denied again by the Appeals Council. However, plaintiff challenged the denial in this Court and the Commissioner stipulated to a remand for a further hearing and findings.

At the second hearing, at which plaintiff was represented by counsel, a medical expert testified that the records she had reviewed clearly indicated that plaintiff had a listed impairment, which would qualify her for disability benefits, from May 1, 2006 through December 18, 2009 (the "closed period"). It is worth quoting the testimony of the medical expert and the colloquy that followed:

> Q: [by the ALJ] I want you to tell me the nature of this lady's impairments as evidenced in the record, whether she meets or equals the listings, if so which ones. If not, what you believe her mental residual functional capacity is?
>
> A: Your Honor, claimant has a history of major depressive disorder and post-traumatic stress disorder. Her record dates back as far as May 1 of 2006. Your Honor, in reviewing the record as a whole, what it seems to me is that the claimant would meet a listing for a closed period of time within the record.
>
> Q: When?
>
> A: From 5/1/06 to 12/18/09. This is based on her Elmhurst Hospital records, the psych evaluation from 3/27/07 from Dr. Starke. And what we see, Your Honor, is that the claimant has marked impairments with ADL's and with concentration –
>
> ALJ: Are you willing to have a closed period, Ms. Monbrun [plaintiff's attorney]?
>
> ATTY: I haven't discussed it with my client --

> ALJ: Do it now.
>
> ATTY:--but I really don't believe that she --okay. I'll ask her. May I go outside, Your Honor?
>
> ALJ: Yeah.
>
> {Off the record.) (On the record.)
>
> ALJ: Let the record indicate there's a closed period here from 5/1/06 to 12/18/09 and not thereafter. Have a good day.
>
> Atty: Thank you, Your Honor.

In his decision, the ALJ started by reciting the fact that "at the hearing, after a discussion with her attorney, the claimant agreed to a closed period of disability from May 1, 2006 through December 18, 2009." He then discussed in substantial detail the evidence demonstrating that plaintiff was disabled during the closed period. However, he then went onto discuss the evidence showing that she was not disabled beyond the closed period, and he made specific findings to that effect. Nevertheless, the letter transmitting the decision from the ALJ described the award as "fully favorable."

Plaintiff, proceeding *pro se*, challenged the award in the Appeals Council. Although her objection is not a model of clarity, construing it liberally, she was complaining about the ALJ's findings that she was not disabled after the closed period. That is the way the Appeals Council construed it. The Appeals Council, although rejecting her challenge, did not rely upon or even mention the stipulation. To the contrary, it affirmed the ALJ's substantive findings that plaintiff was not disabled after the closed period:

> The Administrative Law Judge found that you were disabled from May 1, 2006 through December 18, 2009 but not thereafter. You state that your condition has gotten worse since 2006. The Appeals Council finds that the Administrative Law Judge's conclusions are supported by substantial evidence, including the opinion of a medical expert who testified at your bearing. The Appeals Council further finds that the Administrative Law Judge complied with the remand order dated May 12, 2010.

Of course, the medical expert did not expressly testify at the hearing as to plaintiff's condition after the closed period; the ALJ cut her off. She merely testified that plaintiff met the listings for the closed period. That implies that the expert would have testified that plaintiff did not meet the listings beyond the closed period. However, even if we draw that inference, we do not know if the expert would have testified that although plaintiff did not meet the listings after the closed period, her impairments might still have been sufficiently severe to warrant a finding of disability.

Plaintiff subsequently commenced this action.

## DISCUSSION

The Commissioner has moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction, asserting that courts have no jurisdiction to review fully favorable decisions of the Commissioner, citing Wheeler v. Heckler, 719 F.2d 595, 600 (2d Cir. 1983), and Jones v. Califano, 576 F.2d 12, 19 (2d Cir. 1978). In response to an inquiry from the Court, the Commissioner has further taken the position, pursuant to 20 C.F.R. §404.957(c)(1), that while plaintiff can of course file a new application for benefits after the last date of the closing period, the doctrine of "administrative *res judicata* … would bar the Commissioner (or a court) from reconsidering a claimant's disability status during any date covered by an earlier application, unless the Commissioner reopens that final determination or decision." As the Commissioner explains:

> In the fully favorable decision dated February 25, 2011, the ALJ found that plaintiff was disabled from May 1, 2006 through December 18, 2009, the agreed-upon closed period. This decision became the Commissioner's final decision when the Appeals Council declined to assume jurisdiction over the case. Thus, the period for which *res judicata* applies is through February 25, 2011, the date of the ALJ's decision.

4

(citations omitted).

In addition, the Commissioner points out that even if plaintiff does file a new application, benefits cannot be claimed any earlier than twelve months before the date of that application, see 42 U.S.C. § 423(b), and there is no right to payment any earlier than the month after the month that the application is filed, see 20 C.F.R. §4156.335. (The Commissioner does not explain how to reconcile these two provisions, as the latter seems to subsume the former.) The long and short of it is that, according to the Commissioner, as a result of the ALJ's decision, plaintiff has no opportunity to claim benefits for the period between December 19, 2009 and February 25, 2011 (the "post-closed period"), and at this stage, even if she files a new application, she cannot receive benefits before either twelve months before the date of her new application and possibly not until the month after the month she files such application.

It seems to me fairly clear that simply stating the Commissioner's position shows why her motion to dismiss must be denied. Just because an ALJ calls his decision "Fully Favorable" does not mean that it is. The fact is that his decision has permanently foreclosed plaintiff from seeking benefits for the post-closed period. She protested that denial. The Appeals Council rejected her protest. It seems like a live case to me. It may fail on the merits because of the position her attorney appears to have taken, but not for lack of subject matter jurisdiction.

Perhaps things might be different if the ALJ had relied on plaintiff's stipulation – and stopped there. But he did no such thing. He did not say, "plaintiff has stipulated that her application is deemed modified from its original filing for an open-ended period to the closed period (as defined), and I am therefore not considering whether her disability continued beyond the closed period." The ALJ might also have stated, if he thought it was plaintiff's intent, that, pursuant to her attorney's stipulation, she had waived her right to seek benefits beyond the closed

5

period through the date of his decision, and he was therefore not going to consider any claim of disability beyond the closed period. Had he done either of those things, she might be relieved of administrative *res judicata* for any subsequent application, see Restatement (Second) of Judgments §26(1)(b) (no *res judicata* where "[t]he court in the first action has expressly reserved the [litigant's] right to maintain the second action"),[2] and we would instead be asking questions about the validity of the modification, waiver, or maybe even release – in the context of whether the rather ambiguous proceedings support any of those conclusions – and whether plaintiff is bound by her attorney's failure to preserve her rights for the post-closed period.

Instead, the ALJ did just the opposite. He proceeded to decide her disability claim as if there were no stipulation at all, either in the closed period or the post-closed period. He analyzed the medical evidence for the post-closed period – even though he had cut off the medical expert, preventing testimony as to her opinion about the post-closed period – and based on that medical evidence, he decided she was no longer disabled. Moreover, the Appeals Council did the same thing. It never mentioned the stipulation, and its language strongly suggests that it considered the medical merits of plaintiff's claim before it for the post-closed period, and found that the ALJ's merits-based evaluation should be upheld as supported by substantial evidence.

Transmitting the ALJ's decision with the Administration's "Fully Favorable" letter template cannot transform the decision into something that it was not. It was not fully favorable. There may have been substantial evidence to support his rejection of plaintiff's claim for the

---

[2] The doctrine of administrative *res judicata*, at least as applied by the Social Security Administration, appears narrower than judicial *res judicata*. Under 20 C.F.R. § 404.957(c)(1), administrative *res judicata* does not apply unless, *inter alia*, "we have made a previous determination … about your rights on the same facts and on the same issue or issues … ." Judicial *res judicata* applies not only to claims that have been litigated, but claims arising out of the same facts that could have been litigated. See generally Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997). What the Social Security Administration calls *res judicata* sounds more like collateral estoppel, the latter relating to the actual determination of facts or mixed questions of law and fact, not claims. See generally Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428 (1981).

6

post-closed period. There may have been legal reasons relating to the stipulation, suggested above, to support his rejection of her claim for that period. But reject it he did, on the merits, and plaintiff challenged that determination in the Appeals Council and challenges it here. In sum, there may be reasons why plaintiff's challenge in this Court is barred, but lack of subject matter jurisdiction is not one of them.

## CONCLUSION

The Commissioner's motion to dismiss is denied. The Commissioner is directed to move for judgment on the pleadings within 20 days of the date of this decision; plaintiff may oppose within 20 days thereafter; and the Commissioner may reply within 7 days after that. However, in light of this decision, the Court suggests that the Commissioner consider whether a stipulation or motion to remand would be appropriate, whether for the purpose of reopening the proceedings for the post-closed period, reissuance of the ALJ's decision in reliance on the stipulation for the

post-closed period as opposed to the medical evidence, analysis of the meaning and effect of the agreement apparently reached with plaintiff's attorney, or such other proceedings as the Commissioner may deem appropriate.

**SO ORDERED.**

                                                    _____
                                                                              U.S.D.J.

Dated: Brooklyn, New York
        April 16, 2013